UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMRIK S. PABLA and DALWINDER K. PABLA, | * * * |
| Plaintiffs, | * * |
| v. | * * * |
| U.S. BANK NATIONAL ASSOCIATION as Trustee for Structured Asset Securities Corporation Mortgage Pass-through Certificates, Series 2005-7XS, | * * * * * * |
| Defendant. | * |

Civil Action No. 1:24-cv-12358-IT

MEMORANDUM & ORDER

September 11, 2025

TALWANI, D.J.

Plaintiffs Amrik Pabla ("A. Pabla") and Dalwinder Pabla ("D. Pabla") seek a declaratory judgment that Defendant U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-7XS ("U.S. Bank") does not have record title to a mortgage on the real property known and numbered as 32 Solomon Pierce Road, Lexington, Massachusetts 02421 (the "Property"), so as to allow it to foreclose on the Property, and that Plaintiffs are entitled to a money judgment of funds they paid to U.S. Bank and its predecessors, successors, or assigns if a foreclosure goes forward, and injunctive relief to halt the foreclosure of the Property scheduled for September 4, 2024. See Compl., Ex. 3 to Not. of Removal, ¶¶ 3–4; id. at Prayer For Relief ¶¶ A–D [Doc. No. 1-3].[1]

---

[1] Plaintiffs sought emergency relief by motion when the complaint was filed, and following removal, further briefing, and a hearing, the parties agreed to postpone the foreclosure to October 17, 2024. See Elec. Clerk's Notes [Doc. No. 18]. On October 16, 2024, the court denied preliminary relief. See Mem. & Order [Doc. No. 19]. It is unclear from the present record if the

Plaintiffs base their claim on two purported "fatal flaws in the chain of title." Id. ¶ 11 (capitalization removed). Plaintiffs assert that there is no valid assignment from Mortgage Electronic Registration Systems ("MERS") to U.S. Bank and, in the alternative, that Aurora Loan Services LLC ("Aurora Loan") is the mortgagee of record. Id.

Now pending before the court are U.S. Bank's Motion to Dismiss for Failure to State a Claim [Doc. No. 23] and Motion to Dismiss for Failure to Join an Indispensable Party [Doc. No. 24]. For the reasons set forth below, the Motion to Dismiss for Failure to State a Claim is GRANTED and the Motion to Dismiss for Failure to Join an Indispensable Party is DENIED as moot.

## I.    Factual Background

The pertinent facts are derived from a series of transactions or documents in the chain of title leading to U.S. Bank's actions to foreclose on the Property.

### A.    2005 Mortgage with MERS

On January 12, 2005, D. Pabla signed a Promissory Note in favor of Lehman Brothers Bank, FSB, for a loan with a principal amount of $999,999 and 7.125% annual interest. See Def.'s Mem. ISO Mot. to Dismiss ("Def's Mem."), Ex. 2 at 1, 3 [Doc. No. 25-3]. As security for that Promissory Note, Plaintiffs executed a Mortgage encumbering the Property ("2005 Mortgage"), which lists Plaintiffs as the mortgagors and MERS as the mortgagee and nominee

---

foreclosure sale has occurred. See Def.'s Mem. ISO Mot. to Dismiss 14 [Doc. No. 25] (referencing possible "further attempt to delay the ongoing foreclosure proceedings"); Pls.' Opp. to Mot. to Dismiss 4 [Doc. No. 28] (discussing possible consequences "[i]f the foreclosure sale is allowed . . .").

for the lender, Lehman Brothers Bank, FSB. Compl. ¶¶ 8–9 [Doc. No. 1-3]; id., Ex. B at 1 (2005 Mortgage); Def.'s Mem., Ex. 3 at 1 [Doc. No. 25-4] (same).[2]

      **B.**      **2007 Loan Assumption Agreement with Aurora Loan and MERS**

On December 1, 2007, Plaintiffs executed a Loan Assumption Agreement ("2007 Loan Assumption Agreement") listing Plaintiff D. Pabla as seller, both Plaintiffs as borrower, Aurora Loan as lender, and MERS as mortgagee. Compl., Ex. E at 1–2 [Doc. No. 1-3] (2007 Loan Assumption Agreement); Def.'s Mem., Ex. 5 [Doc. No. 25-6] (same). The 2007 Loan Assumption Agreement amended and supplemented the 2005 Mortgage and Promissory Note and again included 7.125% annual interest. Id. at 2.

      **C.**      **April 2008 Assignment from MERS to Aurora Loan**

On April 22, 2008, MERS executed a Corporate Assignment of Mortgage ("April 2008 Assignment") in which MERS assigned its title, benefits, and interest under the 2005 Mortgage to Aurora Loan. Compl., Ex. C at 1 [Doc. No. 1-3] (2008 Assignment); Def.'s Mem., Ex. 4 [Doc. No. 25-5] (same).

      **D.**      **June 2008 Loan Modification with Aurora Loan as Lender and MERS as Mortgagee**

On June 6, 2008, Plaintiffs executed a Loan Modification Agreement ("June 2008 Loan Modification"), listing Aurora Loan as the lender and MERS as the mortgagee and nominee for Aurora Loan as lender, lowering Plaintiffs' interest rate to 5.750% annually. Compl., Ex. D at 1–2, 4 (2008 Loan Modification) [Doc. No. 1-3]; Def.'s Mem., Ex. 6 at 1–2, 4 [Doc. No. 25-7] (same).

---

[2] Because the parties do not dispute that each of the documents at issue were properly recorded with the Middlesex South District Registry of Deeds, the court identifies the documents by their execution date and does not address their dates of recording.

### E.    2009 Deed Adding J. Pabla and S. Pabla

On July 15, 2009, Plaintiffs executed a Quitclaim Deed ("2009 Deed") conveying the Property from themselves to themselves jointly with Jaswinder Pabla ("J. Pabla") and Sarbjit Pabla ("S. Pabla") as tenants by the entirety. See Def.'s Mem., Ex. 7 at 1 (2010 Deed) [Doc. No. 25-8].

### F.    April 2011 Loan Modification with Aurora Loan

On April 1, 2011, Plaintiffs, together with J. Pabla and S. Pabla, executed a Loan Modification Agreement ("April 2011 Loan Modification") that listed Aurora Loan as the lender and "current holder of the Note" and mortgage, and increased Plaintiffs' monthly payments of principal and interest but did not alter Plaintiffs' interest rate of 5.750%. See Compl. ¶¶ 7, 10(b) [Doc. No. 1-3]; id., Ex. G (2011 Loan Modification); Def.'s Mem., Ex. 8 at 1 [Doc. No. 25-9] (same).

### G.    July 2011 Limited Power of Attorney Between Aurora Loan and Aurora Bank

On July 21, 2011, Aurora Loan executed a Limited Power of Attorney which referenced a "certain Subservicing Agreement, dated as of July 21, 2011, (the 'Agreement')" between Aurora Loan and Aurora Bank. Compl., Ex. F at 1 [Doc. No. 1-3] (Limited Power of Attorney); Def.'s Mem., Ex. 10 at 1 [Doc. No. 25-11] (same). Pursuant to the Limited Power of Attorney, Aurora Loan appointed Aurora Bank as the true and lawful attorney for Aurora Loan "to do and perform any and all actions to facilitate the servicing of the Serviced Loans provided for under the Subcontracted Servicing Agreements pursuant to the terms and conditions of the Agreement, and

4

to assist in the undertaking of such obligations and the enforcement of such rights appurtenant thereto[.]" Id.[3]

### H.     March 2012 Assignment from Aurora Loan to Aurora Bank

On March 16, 2012, Aurora Loan, through Aurora Bank FSB ("Aurora Bank") as its attorney-in-fact, executed a Corporate Assignment of Mortgage ("March 2012 Assignment") that assigned Aurora Loan's right, title, and interest in the mortgage to Aurora Bank. Compl., Ex. H (March 2012 Assignment) [Doc. No. 1-3]; Def.'s Mem., Ex. 9 [Doc. No. 25-10] (same).

### I.     October 2012 Assignment from Aurora Bank to Nationstar

On October 19, 2012, Aurora Bank, through Nationstar Mortgage, LLC ("Nationstar") as its attorney-in-fact, executed an Assignment of Mortgage ("October 2012 Assignment") that assigned its right, title, and interest in the mortgage to Nationstar. Compl., Ex. I (2012 Assignment) [Doc. No. 1-3]; Def.'s Mem., Ex. 11 at 1 [Doc. No. 25-12] (same).[4]

### J.     2016 Assignment from Nationstar to U.S. Bank

On September 21, 2016, Nationstar executed a Corporate Assignment of Mortgage ("2016 Assignment") that assigned its rights, title, and interest in the mortgage to Defendant U.S. Bank. Compl., Ex. J (2016 Assignment) [Doc. No. 1-3]; Def.'s Mem., Ex. 12 [Doc. No. 25-13] (same).

---

[3] Neither the July 21, 2011, Subservicing Agreement nor the Subcontracted Servicing Agreements referenced in the Limited Power of Attorney are in the record.

[4] The record does not contain a document granting Nationstar power of attorney for Aurora Bank, but the parties do not dispute that such power was valid as to this assignment.

## II.    Rule 12(b)(6): Failure to State a Claim

### A.    Standard of Review

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, "a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)) (alteration in original).

### B.    Failure to State a Claim

U.S. Bank argues that Plaintiffs fail to state a claim because the two core assertions underlying the alleged flaw in U.S. Bank's chain of title fail as a matter of law.

#### 1.    The June 2008 Loan Modification

Plaintiffs' first assertion is that "MERS effectively remained, and/or became, a mortgagee as a result of the [June 2008 Loan Modification]" and therefore "there is no clear chain of title to the mortgage from Lehman Brothers Bank, FSB . . . through to US Bank[.]"

6

Compl. ¶ 11(a) [Doc. No. 1-3]. U.S. Bank argues that no assignment was effected by the language of the 2008 Loan Modification; that Plaintiffs do not dispute the facial validity of any of the assignment documents; and that Plaintiffs are estopped from challenging the chain of title based on their subsequent execution of the 2011 Loan Modification listing Aurora Loan as mortgagee. Def.'s Mem. 8–11 [Doc. No. 25]. U.S. Bank is correct.

Plaintiffs' argument ignores the June 2008 Assignment from MERS to Aurora. Based on the assignments in the record, the chain of title passed from MERS (2005 Mortgage), to Aurora Loan (June 2008 Assignment), to Aurora Bank (March 2012 Assignment), to Nationstar (October 2012 Assignment), to U.S. Bank (2016 Assignment). As U.S. Bank notes, Plaintiffs do not dispute the facial validity of any of these documents. And each easily meets the statutory requirement for an assignment: "In an assignment of a mortgage of real estate the word 'assign' shall be a sufficient word to transfer the mortgage, without the words 'transfer and set over'." M.G.L. c. 183 § 28; see also id. § 54B (other requirements for binding assignment of mortgage).

That MERS is listed as the mortgagee in the June 2008 Loan Modification does not vacate the April 2008 Assignment earlier that year assigning MERS's interest to Aurora Loan. Although neither party has explained why MERS was listed in the later document, see Def.'s Mem. 8 [Doc. No. 25]; Pls.' Opp. 5 [Doc. No. 28], it is immaterial because the June 2008 Loan Modification does not contain language suggesting that the April 2008 Assignment had been vacated or nullified. Whereas the April 2008 Assignment contains clear language assigning MERS' interests, see Def.'s Mem., Ex. 4 at 1 [Doc. No. 25-5] ("the said Assignor [MERS] hereby assigns unto the above-named Assignee [Aurora Loan], the said Mortgage together with the Note . . ."), the June 2008 Loan Modification does not address assignment at all and only addresses the terms of Plaintiffs' loan obligations. See generally Def.'s Mem., Ex. 6 [Doc. No.

7

25-7]. Therefore, the June 2008 Loan Modification does not effect an assignment so as to disrupt the chain of title. See, e.g., Stephens-Martin v. Bank of New York Mellon Tr. Co., 2013 WL 5508415, at *6 (Mass. Land Ct. Oct. 1, 2013) (rejecting mortgagor's contention "that there must have been some off-record assignment" that disrupted the chain of title, based on loan modification document identifying a different mortgagee).

Moreover, as explained in the court's prior order denying Plaintiffs' motion for a preliminary injunction, "Plaintiffs are estopped from challenging any pre-2011 assignments of the mortgage" based on their entering into the April 2011 Loan Modification, which lists Aurora Loan as the current holder of the Promissory Note and mortgage. Mem. & Order 5–6 [Doc. No. 19] (citing Barrasso v. New Century Mortgage Corp., 91 Mass. App. Ct. 42, 48 (2017)). U.S. Bank raised the same argument here, see Def.'s Mem. 10–11 [Doc. No. 25], and Plaintiffs failed to oppose it.

The court therefore finds that Plaintiffs have failed to state a claim based on the June 2008 Loan Modification disrupting the chain of title.

        **2.     The Limited Power of Attorney**

Plaintiffs' second assertion is that the Limited Power of Attorney was insufficiently specific to confer authority for Aurora Bank to execute the March 2012 Assignment on Aurora Loan's behalf. Compl. ¶ 11(b) [Doc. No. 1-3].

In its prior order, the court explained that the Limited Power of Attorney was merely voidable, not void, and therefore Plaintiffs lack "standing to challenge shortcomings in an assignment that render it merely voidable by one party to the assignment but otherwise effective to pass legal title." Mem. & Order 7–8 [Doc. No. 19] (quoting Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013)) (internal emphasis omitted); see also Woods v.

Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013) ("claims that merely assert procedural infirmities in the assignment of a mortgage . . . are barred for lack of standing."). U.S. Bank raised the same argument here, see Def.'s Mem. 11–13 [Doc. No. 25], and Plaintiffs failed to oppose it.

The court therefore finds that Plaintiffs have failed to state a claim based on the Limited Power of Attorney making the chain of title defective.

### III.  Conclusion

For the foregoing reasons, U.S. Bank's Motion to Dismiss for Failure to State a Claim [Doc. No. 23] is GRANTED. Its Motion to Dismiss for Failure to Join an Indispensable Party [Doc. No. 24] is DENIED as moot.

IT IS SO ORDERED.

September 11, 2025                                    /s/ Indira Talwani
                                                      United States District Judge